IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TERRENCE TERRY**                                                                                      **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:10cv306-TSL-MTP**

**EUGENE MCDONALD**                                                      **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the court *sua sponte*, upon Plaintiff's failure to appear for an omnibus hearing, failure to prosecute, and failure to otherwise comply with certain orders of the court. *See* Order [7]. Plaintiff was ordered to appear before the undersigned on May 10, 2011 at 1:30 p.m. for an omnibus hearing. The docket reflects that this Order was forwarded to Plaintiff via regular mail on April 12, 2011 and returned as undeliverable on May 11, 2011. *See* Docket Entry [14]. Based on the record in this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott* 157 F.3d 1030, 1031 (5th Cir. 1998). Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The purpose of this rule was never to abrogate the power of courts, acting *sua sponte,* to "clear their calendars that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389 (1962). But rather, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in

courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citations omitted).

> In order to determine whether the circumstances justified a dismissal for want of prosecution, the reviewing court must examine the procedural history of the case and weigh the power of the trial court to achieve the orderly and expeditious disposition of cases against the policy of law favoring disposition of litigation on the merits.

*Lopez v. Aransas County Independent School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

Plaintiff Terrence Montae Terry, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. §1983 on May 25, 2010. At the time Plaintiff filed his Complaint, he was incarcerated at the Hinds County Detention Center in Jackson, Mississippi. As evidenced by Plaintiff's correspondence with the court on June 8, 2010, Plaintiff is no longer incarcerated. *See* Docket Entries [4][5]. On July 1, 2010, the court ordered Plaintiff to provide the civil action number of every civil action or appeal which the Plaintiff has had dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted. Plaintiff was cautioned that a failure to comply with the Order may result in the dismissal of the case. Plaintiff never responded to the order.

The court set an omnibus hearing for May 10, 2011. Plaintiff was forwarded a copy of the Order noticing the hearing to the address Plaintiff provided the court. *See* Order [13]. However, Plaintiff failed to appear at the hearing and the Order was returned as undeliverable on May 11, 2011. *See* Docket Entry [14]. In fact, Plaintiff's last activity in the case was the payment of a partial filing fee almost a year ago, July 12, 2010. Plaintiff has not filed anything in the case since June 8, 2010. *See* Docket Entries [4][5]. Despite having been cautioned by the court that this matter could be dismissed, Plaintiff has failed to provide the court with a valid address and has

failed to comply with the court's orders. It appears that Plaintiff has lost interest in prosecuting this matter.

Based on Plaintiff's failure to comply with the court's orders and failure to provide a correct address, there is a clear record of delay in this matter, which makes dismissal under Rule 41(b) appropriate. *See Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995); *see also Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982).

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute this case and to comply with the court's orders, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, modify in whole or part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. 28 U.S.C. § 636(b)(1); *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[1]

SO ORDERED, this the 13th day of May, 2011.

s/ Michael T. Parker<br>United States Magistrate Judge

---

[1] *Douglass* refers to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.